THE PEOPLE *ex rel.* UNION NATIONAL BANK OF CHICAGO *et al.*, Relators-Appellees, *v.* THE CITY OF CHICAGO *et al.*, Respondents-Appellants.

(No. 57705; ▮▮▮▮▮▮▮▮▮▮)

First District (4th Division)—May 16, 1973.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Robert R. Retke, Assistant Corporation Counsel, of counsel,) for appellants.

Thomas P. Sullivan and Richard T. Franch, of Chicago, (Jenner & Block, of counsel,) for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The City of Chicago herein appeals from a judgment entered in the Circuit Court of Cook County ordering a writ of mandamus to issue forthwith. The order was entered subsequent to a hearing held to consider a petition presented by the instant relators seeking to have the Building Department of the City of Chicago process 51 applications for building permits which they had filed.

On January 11, 1972, Martin Duggan, president of Federal Realty Estates Co., presented building permit applications for 51 separate building sites to the Building Department of the City of Chicago. The building sites, upon which single-family residences were to be erected, were located in the vicinity of 121st Street and Ashland Avenue in Chicago, an area zoned R-2, single-family residential. The building permits received preliminary approval when filed; however, due to a plan study of the area where the building sites were located, the Building Department refused further process of the permit applications. Thereafter, a formal request that the Building Department process the applications was sent to the Building Commissioner but elicited no response. The relators therefore filed their petition for mandamus in the Circuit Court of Cook County on February 7, 1972, wherein they requested the court order the Building Department of the City of Chicago to process the 51 applications for building permits which had been filed. At a subsequent hearing, testimony was presented which established that portion of the plan study of the area wherein the 51 building sites in issue were located and upon which the Building Department was withholding process of the applications for building permits had been completed. Further testimony reflected the outcome of the plan study showed the present R-2 zoning classification should remain in effect. This being so, the trial court entered an order on May 10, 1972, issuing a writ of mandamus wherein the Building Department of the City of Chicago was ordered to "receive the Relators plans and applications, to process same, and when found to be in compliance with the Ordinances of the City of Chicago, to issue building permits for the development of the subject properties pursuant to the aforementioned applications and plans filed with the Department of Buildings of the City of Chicago, permitting the Relators to commence construction for their proposed development of the subject properties."

The sole issue presented for review is whether the relators proved the respondents' refusal to process the permit applications in question, thereby necessitating maintenance of the instant action in mandamus.

The City of Chicago contends the relators' case lacks the essential element of a mandamus action, namely, an improper refusal by the authority to issue the permits subsequent to proper application procedures. The basis for this contention lies in the relators' apparent refusal, based solely on the respondents' contention and unsupported by the instant record, to present their applications and plans to the Building Department of the City of Chicago a second time.

■■ The City of Chicago has shown no authority in support of their refusal to process the relators' original permit applications. Moreover, during the course of this appeal, the record reflects the City has continued the original position it took and has still, even upon proper reapplication by the relators, not processed the relators' permit applications. In view of these facts, we think the respondents' contention is totally without merit. Moreover, we find the refusal by the respondent Building Department to process the permit applications, submitted and resubmitted by the relators, to be arbitrary, unfair and unreasonable, and hereby hold the writ of mandamus properly issued. Furthermore, because of the unnecessary delay caused to the relators and the lack of defense by the Building Department of the City of Chicago, we hereby waive the requirements of Supreme Court Rule 368(a) staying the mandate and order the mandate to issue forthwith.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed, the mandate to issue forthwith.

Affirmed and mandate to issue forthwith.

BURMAN, P. J., and ADESKO, J., concur.